## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In Re: | Chapter 13 |
| VIVIAN FAYE HUNTINGTON | Case No. 15-30259-GFK |
| Debtor. | |

---

### SUPPLEMENTAL RESPONSE AND OBJECTION OF FALCON NATIONAL BANK TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN, DATED MARCH 20, 2015

TO:   DEBTOR AND OTHER ENTITIES SPECIFIED IN LOCAL RULE 9013-3(b):

Falcon National Bank ("Falcon"), by and through its attorneys Gray, Plant, Mooty, supplements its Response and Objection to Confirmation of Amended Chapter 13 Plan, dated March 20, 2015 ("Falcon Objection").

1.   The Debtor Vivian Fay Huntington (the "Debtor") executed and delivered to Falcon a certain promissory note, dated April 14, 2011, in the original principal amount of $70,000.00 (the "Note").  A copy of the Note was attached to the Falcon Objection as <u>Exhibit A</u>.

2.   To secure the indebtedness evidenced by the Note, the Debtor executed and delivered a certain Mortgage, in the original principle amount of $70,000.00, dated November 2, 2005, and recorded on November 7, 2005, as Document No. A332505, in the Office of the County Recorder of Benton County, Minnesota; and subsequently modified on November 1, 2008, and filed for record on December 15, 2008, as Document No. A362322, in the Office of the County Recorder of Benton County, Minnesota; and subsequently modified on November 1, 2010, and filed for record on October 29, 2010, as Document No. A377509, in the Office of the County Recorder of Benton County, Minnesota; and subsequently modified on April 14, 2011, and filed for record on April 20, 2011, as Document No. A381216, in the Office of the County

Recorder of Benton County, Minnesota; and subsequently modified on August 2, 2012, and filed for record on August 13, 2012, as Document No. A390532, in the Office of the County Recorder of Benton County, Minnesota (the "Mortgage").  The Mortgage encumbers certain real estate located in Benton County, Minnesota, and described as follows:

> Lot Nine (9), Block Two (2) of Czech Addition Plat Two, said addition being located upon government Lot Four (4) in Section Four (4), Township Thirty-six (36) North, Range Thirty-one (31) West, Fourth Principal Meridian, according to the plat and survey thereof on file and of record in the office of the County Recorder in and for said Benton County, Minnesota

The Mortgage encumbers the residence of the Debtor. A copy of the Mortgage with modifications was attached to the Falcon Objection as <u>Exhibit B</u>.

3. The Note, Mortgage and any other documents and agreements between the Debtor and Falcon Bank are collectively referred to herein as the "Loan Documents".

4. The Note matured on April 15, 2014.

5. As of the Petition Date (January 27, 2015), the Debtor was indebted to Falcon in the amount of $81,288.97 (the "Indebtedness").

6. On March 20, 2015, the Debtor filed a proposed Amended Chapter 13 Plan (the "Amended Plan").  The Amended Plan proposes to modify the claim of Falcon under Section 1325(a)(5) by paying Falcon the collective amount of $30,115.12 over fifty six (56) months with a $67,259.83 balloon payment due on the sixtieth (60th) month of the Amended Plan.

7. Falcon objected to the Amended Plan.  Falcon has also subsequently filed a motion for stay relief on the basis that cause exists to grant stay relief because the Debtor will be unable to confirm a feasible plan for the reasons cited in the Falcon Objection and this supplemental objection.

8.  On April 23, 2015, the Court held a non-evidentiary hearing and requested the parties submit supplemental legal arguments as to the treatment of Falcon's claim and, specifically, the interaction and applicability of Sections 1325(a)(5) and 1322(c)(2) of the Bankruptcy Code.

9.  Falcon supplements its Objection as follows:

A.  <u>Debtor's limited ability to modify the claim of Falcon</u>.  The loan matured pre-petition and $81,288.97 was due and owing as of the Petition Date.  The Amended Plan proposes to modify the claim of Falcon under Section 1325(a)(5) by paying Falcon the collective amount of $30,115.12 over fifty six (56 months) with a $67,259.83 balloon payment.  Although there is no "arrearage" – or past-due payments in which the Debtor could make to reinstate the loan - Falcon recognizes that when read in conjunction with each other, Sections 1325(a)(5) and 1322(c)(2) afford the Debtor the limited right to modify the claim of Falcon under Section 1325(a)(5).

Section 1322(c) states (with emphasis added):

> Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
>
> (1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; and
>
> **(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.**

The scope of 1322(c)(2) is broad enough to include, not only home mortgage loan payment arrearages but also, as in this case, mortgages that have fully matured prior to the debtor's bankruptcy filing.  However, any modification of a pre-petition matured mortgage debt

(or a debt in which the last payment is due before the final payment under the plan) must comply with the other requirements of Sections 1322 and 1325, including Section 1325(a)(5)(B)(iii)(I)'s equal payment provision. *See Hamilton*, 401 B.R. at 544; Clay, 204 B.R. at 790; *In re Steinacher*, 283 B.R. 768, 773 (9th Cir. BAP 2002). A Mortgage which matured prior to a debtor's bankruptcy filing falls within the purview of Section 1322(c)(2) and, therefore, the debtor may modify the terms of the loan and pay the balance due over the life of the plan to the extent the proposed modification complies with Section 1325(a)(5) of the Bankruptcy Code. *See In re Henning,* 420 B.R. 773 (Bankr. W.D. Tenn., 2009); *In re Escue,* 184 B.R. 287, 292 (Bankr.M.D.Tenn.1995); *In re Sturgill,* 337 B.R. 599 (Bankr.W.D.Ky. 2006); *In re Kelly*, 283 B.R. 808 (Bankr. M.D.Fla.2002); *In re Padgett*, 273 B.R. 277, 279 (Bankr.M.D.Fla.2001); *In re Nepil*, 206 B.R. 72, 76 (Bankr.D.N.J.1997); *In re Lobue*, 189 B.R. 216 (Bankr.S.D.Fla. 1995); *In re Chang*, 185 B.R. 50 (Bankr. N.D.Ill.1995); *In re Jones*, 188 B.R. 281 (Bankr.D.Or.1995); *In re Watson* 190 B.R. 32 (Bankr.E.D.Pa.1995).

The Amended Plan proposes to modify the claim of Falcon under Section 1325(a)(5) by paying Falcon the collective amount of $30,115.12 over fifty six (56) months with a $67,259.83 balloon payment. The legal issue in this case is not whether the Debtor can modify the claim of Falcon under Section 1325(a)(5). The legal issue is whether the "equal payment" provision of Section 1325(a)(5) prohibits the proposed $67,259.83 balloon payment. Consistent with the case law cited below, Falcon asserts that the Debtor's Amended Plan, and specifically, the $67,259.83 balloon payment, fails to comply with the "equal payment" requirement of Section 1325(a)(5).

B.  <u>The proposed $67,259.83 balloon payment is inconsistent with the "equal monthly amount" requirement of Section 1325(a)(5)(B)(iii).</u>  The Amended Plan proposes a $67,259.83 balloon payment at the end of the Amended Plan term.

Section 1325(a)(5) states (with emphasis added):

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>     (5) with respect to each allowed secured claim provided for by the plan—
>         (A) the holder of such claim has accepted the plan;
>
>         (B)
>         (i) the plan provides that—
>             (I) the holder of such claim retain the lien securing such claim until the earlier of—
>                 (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>                 (bb) discharge under section 1328; and
>             (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>         (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>         (iii) if—
>             (I) property to be distributed pursuant to this subsection is in the form of periodic payments, **such payments shall be in equal monthly amounts**; and
>             (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>         (C) the debtor surrenders the property securing such claim to such holder;

Courts have routinely held that the equal monthly payment provision in Section 1325(a)(5)(B)(iii) prohibits a balloon payment. *See Hamilton v. Wells Fargo Bank (In re Hamilton)*, 401 B.R. 539, 540 (1st Cir. BAP 2009) ("By its very terms, the balloon payment is not equal to the preceding payments and therefore it is prohibited by § 1325(a)(5)(B)(iii)(I)"); *In re Gray*, 2008 WL 5068849, *4 (Bankr.D.Puerto Rico 2008) ("... the proposed balloon payment in the Debtors' amended plan violates the section 1325(a)(5)(B)(iii)(I) requirement that distributions to Doral be in `equal monthly amounts,' and cannot be confirmed."); *In re Correale-*

*Darling*, 2008 WL 4057141, *3 (Bankr.D.Mass.2008) ("... plans that provide for secured creditors to be paid periodic payments for the term of the plan with a lump sum payment in the final month violates the `equal monthly payment' requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I)."); *In re DeSardi*, 340 B.R. 790, 805-06 (Bankr.S.D.Tex.2006) (A lump sum payment at the beginning of a plan "would make all subsequent payments unequal to the lump sum payment." Such a provision clearly violates § 1325(a)(5)(B)(iii)(I)); *In re Wagner*, 342 B.R. 766 (Bankr.E.D.Tenn. 2006) (cannot confirm balloon payment over objection of mortgage creditor)*; In re Newberry*, 2007 WL 2029312 (Bankr.D.Vt.2007); *In re Lemieux*, 347 B.R. 460 (Bankr.D.Mass.2006); *In re Holliday*, No. 11-62315-13, 2012 Bankr. LEXIS 650 (Bankr. D. Mont. Feb. 23, 2012); *In re Bollinger*, No. 10-62344, 2011 Bankr. LEXIS 3339 (Bankr. D. Or. Sept. 2, 2011); *In re Melillo*, 385 B.R. 476, 479 (Bankr. D. Mass. 2008); *In re Schultz*, 363 B.R. 902, 906 (Bankr.E.D.Wis. 2007); *In re Luckett*, No. 07-24706, 2007 Bankr. LEXIS 3638 (Bankr. E.D. Wis. Oct. 24, 2007).

*In re Henning,* 420 B.R. 773 (Bankr. W.D. Tenn., 2009) illustrates the interplay between Sections 1325(a)(5) and 1322(c)(2). In *In re Henning* the debtor was indebted to Wells Fargo and the debt was secured by a mortgage on the debtor's residence. *Id.* 777-78. The debt matured on March 10, 2007. *Id.* On February 2, 2009, the debtor filed a Chapter 13 bankruptcy. *Id.* $489,672.55 was due and owing on the home mortgage at the time of the bankruptcy filing. *Id.* The debtor proposed to pay Wells Fargo $3,011.80 a month over the term of the Chapter 13 plan with a balloon payment for the balance on the fifty ninth (59) month. *Id.* Wells Fargo objected on the bases that the plan failed to comply with the "equal payment" requirement under Section 1325(a)(5)(B)(iii)(I). The Court agreed holding that:

> [t]he only conclusion the Court can draw from the law discussing a debtor's ability to cure a matured home mortgage debt is that any proposed cure must comply with [section]

      1325(a)(5).  This compliance necessarily involves the equal payment provision of [section] 1325(a)(5)(B)(iii)(I).  The debtors in this case have proposed to cure the Wells Fargo debt by making monthly payments for 59 months and a balloon payment on the last day of their 59th month.  Although the debtors are permitted to cure the Wells Fargo note under either [section] 1322(b)(3) or (c)(2), their proposed balloon payment in the 59th month does not comply with [section] 1325(a)(5)(B)(iii)(I).  The debtors are simply unable to cure the Wells Fargo mortgage by any means other than full payment of the debt in equal monthly installments through their plan.  That treatment has not been proposed and, given the debtors' limited income, the Court feels certain in saying that the [debtors] would be wholly unable to provide for full payment of the debt over the five year plan. *Id,* at 790.

      C.    <u>Conclusion</u>.  *In re Henning* is directly on point to the facts in the above captioned case.  The Debtor cannot modify the claim of Falcon by making a $67,259.83 balloon payment at the end of the Amended Plan term.   The Debtor must comply with the "equal payment" requirements under Section 1325(a)(5)(B)(iii)(I).  To confirm a Chapter 13 plan, the Debtor must pay Falcon its $81,288.97 secured claim amount over the 60 month life of the plan; which calculates to be $1,506.25 per month based on the interest rate proposed in the Amended Plan.  Based on the Debtor's verified Schedule J, the Debtor has $275.00 a month in disposable income.  The Debtor is unable to fund $1,506.25 per month.  Therefore, the Amended Plan is not feasible and should be denied confirmation.  Furthermore, the failure to satisfy the elements of plan confirmation constitutes cause to grant stay relief. *See generally, In re Mullin*, 433 B.R. 1 (Bankr. S.D. Tex., 2010) (the proposed impermissible modification of a secured creditor's claim under Section 1322(b) is cause for stay relief under Section 362(d)(1)); *In re Threats*, 159 B.R. 241 (Bankr. N.D. Ill., 1993) (modification of a secured creditor's claim under Section 1322(b) by having the debtor assume the debt obligations of another party is cause for stay relief under Section 362(d)(1)).  Falcon reiterates its objection to the Amended Plan.

**WHEREFORE,** the secured creditor Falcon objects to the confirmation of the Amended Chapter 13 plan filed by the debtor for the reasons described above; requests that amended plan be denied confirmation; and for such other relief that is just and equitable.

Dated this 8th day of May, 2015.

>  /e/ **Jeffrey A. Peterson**
>  Jeffrey A. Peterson, I.D. No. 387556
>  Jeffrey.peterson@gpmlaw.com
>  GRAY, PLANT, MOOTY,
>  MOOTY & BENNETT, P.A.
>  1010 West St. Germain St, Suite 500
>  St. Cloud, MN  56301
>  (320) 252-4414
>  Attorneys for Falcon National Bank

GP:3990427 v1